**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Davis, | No. CV-24-02916-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Debra Davis ("Plaintiff") seeks judicial review of a decision by the Social Security Administration ("SSA") Commissioner (the "Commissioner") denying her application for disability benefits.  (Doc. 1). Plaintiff filed her Opening Brief (Doc. 12), the Commissioner filed a Response (14). Upon review of the briefs and the Administrative Record ("AR"), the Court will affirm the Administrative Law Judge's ("ALJ") January 18, 2024, decision.

## I.      Background

Plaintiff filed an application for benefits on June 14, 2022, alleging a disability on the onset date of March 20, 2020.  (AR at 43). She was 47[1] years old at the time of her alleged onset date and had a high school education. (*Id.*)  Her past relevant work includes

---

[1] Plaintiff says she was 47 years old at the date of onset of disability, while the ALJ says she was 50 years old. *Compare* (AR at 51, ALJ Decision) *with* (Doc. 12, Plaintiff's Opening Brief). Based on the oral transcript of the hearing, the Court finds that Plaintiff was 47 years old at the time of onset. (AR at 60, Hearing). Ultimately, however, this does not change the outcome for this Court, nor would it have changed the outcome for the ALJ's decision because Plaintiff would still be defined as a younger individual aged between 18–49 on the date last insured.  20 CFR 404.1563

employment as an apartment house manager and apartment maintenance worker. (*Id.*) Plaintiff claims she is unable to work because she cannot remain standing for extended periods of time after suffering a traumatic injury that affected her lower extremities.

Plaintiff's claims were initially denied on February 10, 2023, and again for a second time on January 18, 2024 ("January Hearing"), when the ALJ found that although she suffered from several severe impairments, she retained the Residual Functional Capacity ("RFC") to perform light work.  (AR at 43). Now, Plaintiff is seeking this Court's review of the ALJ decision.

## II.    The ALJ's Five Step Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step process[2] to determine whether a claimant is disabled under the Act:

The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments.  *See* 20 C.F.R. § 416.920(a)(4)(i)– (ii).  If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1    and    meets    the    duration    requirement. *See id.* § 416.920(a)(4)(iii).  If so, the claimant is considered disabled and benefits are awarded, ending the inquiry.  *See id.*  If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity"[3] in determining

_____

[2] The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

[3] A claimant's residual functional capacity is defined as their maximum ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *See* 20 C.F.R. §§ 404.1545(a), 404.1520(e), 416.920(e).

whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)–(v). *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); *see also* 20 C.F.R. § 404.1520(a)–(g). If the ALJ determines no such work is available, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ's findings in the January Hearing are summarized follows:

At step one, the ALJ found that Plaintiff met the insured status requirements of the Act on December 31, 2022, and that she has not engaged in substantial gainful activity from the alleged onset date of March 20, 2020, through her last insured date of December 31, 2022. (AR at 45). At step two, the ALJ found Plaintiff had the following severe impairments: idiopathic peripheral neuropathy, a bilateral leg crush injury, degenerative disc disease of the lumbar spine, and peripheral vascular disease. (*Id.* (citing 20 C.F.R. § 416.920(c)). At step three, the ALJ determined that Plaintiff is not covered under the definition of an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (*Id.*)

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") through her date last insured to perform light work and that the claimant can "occasionally operate bilateral foot controls; never climb ladder, ropes, or scaffolds; occasionally climb ramps or stairs, stoop, crouch, kneel, and crawl; avoid concentrated exposure to extreme cold avoid concentrated exposure to atmospheric conditions such as fumes, odors, dusts, gasses, and poorly ventilated areas; and should avoid all exposure to dangerous moving machinery and unprotected heights." (*Id.* at 48). In determining Plaintiff's RFC, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." (*Id.*) The ALJ also considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520c. Given her RFC assessment, the ALJ determined Plaintiff could perform work as an inspector and hand packager, sale attendant, and routing clerk. (*Id.* at 52). At step five, although the ALJ found that Plaintiff could not do any past relevant work, he found

- 3 -

that she was able to do work that existed in significant numbers in the national economy. (*Id.* at 51). Ultimately, the ALJ found that Plaintiff was not disabled.

The SSA Appeals Council denied Plaintiff's request for review of the January decision, thus adopting the Decision as the agency's final decision. (Doc. 11-2 at 2, Correspondence from Appeals Council). This appeal followed. On January 8, 2025, Plaintiff filed a Complaint under 42 U.S.C. §§ 405(g), 1383(c)(3) requesting judicial review and reversal of the Commissioner's decision. (Doc. 1).

## III.    Standard of Review

In determining whether to reverse a decision by an ALJ, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)); 42 U.S.C. §§ 405(g), 1383(c)(3)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Garrison*, 759 F.3d at 1009 (9th Cir. 2014) (internal citation omitted). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This is because district courts may only review those reasons the ALJ places on the record and cannot speculate what the ALJ's reasoning might have been based on other evidence available. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require

[the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

"Harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision, and the error does not affect the ultimate nondisability determination. *Id*. Typically, the claimant bears the burden of showing that an error is harmful. *Id*. at 1111 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

**IV.    Discussion**

Plaintiff appeals the ALJ's decision rendering her not disabled. (Doc. 12). Plaintiff sets forth one issue for the Court to review: Did the ALJ properly assess Plaintiff's subjective testimony, along with the record as a whole, to accurately determine her RFC. (*Id.*) According to Plaintiff, the ALJ improperly discounted her subjective symptom testimony. (*Id.* at 4). She claims that had the ALJ fully accounted for her testimony stating that she cannot stand for long period of time, he would have found her RFC to be sedentary. (*Id.*) If he had fully considered her testimony, and the relevant medical records, he would have come to a finding that Plaintiff is indeed disabled, alleges Plaintiff. (*Id.*) The Commissioner disagrees, arguing that the ALJ cited other sources of evidence from the record, such as Plaintiff's medical history and objective medical evidence to discount her subjective testimony. (Doc. 14 at 5). The Commissioner further argues that the ALJ is not required to take Plaintiff's testimony as face value and may look at whether Plaintiff's subjective testimony is inconsistent with objective medical evidence. (*Id.*) The Court agrees and finds that the ALJ properly cited to portions of the objective medical evidence to provide specific, clear, and convincing reasons why he found her not disabled.

- 5 -

### A.    Legal Standards

An ALJ must perform a two-step analysis when determining whether a claimant's testimony regarding subjective pain or symptoms is credible.  *Lingenfelter*, 504 F.3d at 1035–1036 (9th Cir. 2007).  First, the ALJ must determine whether Plaintiff presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged.  *Garrison*, 759 F.3d at 1014.  "In this analysis, the claimant is not required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' "  *Id*. (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  Second, if there is no evidence of malingering, the ALJ may reject the Plaintiff's symptom testimony only by giving specific, clear, and convincing reasons.  *Id*. at 1015; *Brown-Hunter*, 806 F.3d at 488–89.  "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'"  *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).  "The standard isn't whether [the reviewing] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

To determine whether a claimant's testimony regarding the severity of her symptoms is credible, an ALJ may consider the following:

(1)    ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid;

(2)    unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and

(3)    the claimant's daily activities.

*Smolen*, 80 F.3d at 1284.  An ALJ may also consider the claimant's work record, and the observations of treating and examining physicians and other third parties regarding "the nature, onset, duration and frequency of claimant's symptoms, and precipitating and

aggravating factors, functional restrictions caused by the symptoms, and the claimant's daily activities." *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

### B.   Plaintiff's Symptom Testimony

At issue is Plaintiff's symptom testimony that she cannot stand for an extended duration. (Doc. 12 at 5).  Because she cannot stand for an extended duration, Plaintiff says that her RFC determination was improperly found to be that at the level of light work, when it should have been at the level of sedentary.  (*Id.*) She also says that her inability to stand for extended durations results in her having to alternate her position throughout the day and that she needs to spend most of her day laying down.  (*Id.*) The ALJ summarized Plaintiff's symptom testimony like this:

> In her initial filings, the claimant alleged that she is disabled due to peripheral neuropathy in her legs following an automobile accident, fatty liver disease, pancreatitis, diabetes, and asthma (Exhibit 2E). The claimant reported that, as a result of these conditions, she has difficulty performing activities such as lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and competing tasks (Exhibit 4E). Specifically, the claimant reported that she is unable to lift more than 10 pounds, that she can only walk for one half of a block, that neuropathy in her lower extremities makes balancing difficult, and that she has difficulty dressing and bathing herself (Exhibit 4E). She stated that she relies on her daughter to assist in performing chores around the home, that she must sit when preparing simple meals, and that she avoids driving (Exhibit 4E). **At the hearing, the claimant testified that she spends her day on the couch or in bed due to concerns of falling and that she spends her day watching television or playing games (Testimony). She testified that she occasionally goes shopping with her daughter, but that she will use a motorized scooter when she does so (Testimony). The claimant further reported that she was limited to standing for 10 minutes and could only sit for 5 minutes before changing positions (Testimony).**

(AR at 49) (emphasis added). At the first step of the symptom testimony analysis, the ALJ determined that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." (*Id*. at 49).  However, at the second step, the ALJ concluded that "[Plaintiff's] statements concerning the intensity, persistence and

limiting effects of her alleged symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.*) In particular, the ALJ stated that he found the Disability Determination Services consultants' evaluations persuasive. (*Id.* at 50). The consultants found that "claimant can perform less than the full range of light work, can occasionally climb ramps or stairs; should never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch and crawl; must be allowed to alternate between sitting and standing, though this could be accommodated through normal breaks . . . ." (*Id.* at 50).

Plaintiff argues that her testimony described greater limitations due to her inability to stand for long periods of time. (Doc. 12 at 5). In fact, Plaintiff argues that she cannot stand for more than 5–10 minutes at a time. (*Id.*) According to Plaintiff, if the ALJ had factored in her subjective testimony along with objective medical evidence, he would have readjusted her RFC to sedentary. (*Id.*) The Court disagrees.

**B. Objective Medical Records**

The Court first addresses the ALJ's discussion of objective medical records. The ALJ relied on not only the Disability Determination Consultants, but also other medical evidence from the record. The ALJ cited imaging from hospital records shortly after Plaintiff's accident that affected her lower extremities. (AR at 49; *see also* Ex. 1F, Hospital Records). The records showed no laceration, paresthesia, and Plaintiff's plantar and dorsal flection was intact. (Ex. 1F, Hospital Records). No evidence of a fracture or dislocation was detected on the imaging scans themselves. (*Id.*) Months later, physical therapy records conflicted with Plaintiff's testimony according to the ALJ, because she was able to ambulate with only a mildly antalgic gait. (Ex. 3F/2, Physical Therapy Records). Further records of testing did not reveal significant "degeneration, bulges, or foraminal narrowing at L4-5." (AR at 49). An MRI that was performed in 2022, also revealed only minor spondylitic changes. (*Id.*) As for Plaintiff's latest examinations, the ALJ also noted that the treatment strategy was conservative. (*Id.*) The Commissioner argues that the ALJ adequately identified areas in the medical record that were inconsistent with Plaintiff's

testimony. (Doc. 14 at 6).  According to the Commissioner, this conservative course of treatment contradicts Plaintiff's subjective testimony of the intensity and severity of her pain. The Court agrees. In sum, the Court finds that the ALJ set forth clear and convincing reasons for his conclusion that Plaintiff's testimony was inconsistent with the medical record.

### C. Inconsistent Physical Therapy

The ALJ also noted that Plaintiff's compliance with physical therapy was inconsistent.  (AR at 49). The Social Security Regulations provide that "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."  S.S.R. 16-3p.  Indeed, an ALJ may consider a claimant's "failure to seek treatment or to follow a prescribed course of treatment" in discrediting her symptom testimony.  *Molina*, 674 F.3d at 1112 (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)). "[A]n unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" may serve as a sufficient reason for an adverse credibility determination.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 20 C.F.R. § 404.1530(c) (1988)); *see also Burch*, 400 F.3d at 681 (holding that a claimant's failure to seek treatment for back pain, depression, and fatigue was "powerful evidence" regarding the extent of her conditions).  However, an ALJ "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."  *Wilmot v. Comm'r of Soc. Sec. Admin.*, 2022 WL 18810954, *5 (D. Ariz. Nov. 17, 2022), *report and recommendation adopted*, 2023 WL 2140483 (D. Ariz. Feb. 21, 2023) (quoting S.S.R. 16-3p).

The ALJ noted that Plaintiff's compliance with physical therapy was inconsistent. (AR at 49). He also noted that she was discharged from physical therapy in January of 2021. (*Id.*; *see also* Ex. 3F, Physical Therapy Records).  Plaintiff provided no reasons for

why she discontinued physical therapy. And although, as commented on by the Commissioner, she tried physical therapy again in April of 2022, she reported improved symptoms. (Doc. 14 at 6). Therefore, ALJ's decision to discount Plaintiff's symptom testimony is substantial evidence.

## V.      Conclusion

Because the ALJ set forth clear and convincing reasons for discounting Plaintiff's subjective testimony based on objective medical records and Plaintiff's course of treatment, the Court finds that the RFC adequately reflects the total limiting effects of Plaintiff's impairments.

Accordingly,

**IT IS ORDERED** that the Administrative Law Judge's January 18, 2024, decision is affirmed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 30th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge